UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIN O'NEAL

          Plaintiff,

vs.

CONSERVE

          Defendant.

Case No.: 16-cv-04545

### DEFENDANT CONSERVE'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Conserve[1] submits this Brief in support of its Motion for Summary Judgment. For the reasons set forth below, the Motion should be granted and the Complaint should be dismissed in its entirety.

### PRELIMINARY STATEMENT

On August 19, 2016, Plaintiff filed the Complaint in this action. (Dkt. 1). Plaintiff purports to bring this action to recover damages for Defendant's alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"). (Dkt. 1, ¶ 1). On September 22, 2016, Defendant filed an Answer denying the allegations in the Complaint. (Dkt. 3).

Plaintiff's lawsuit rests fundamentally on the premise that Defendant called her cellular phone number. The FDCPA claim alleges that Defendant called Plaintiff's cellular phone, often multiple times per day, in an attempt to contact an unknown third party named Kimberly. (Dkt.

---

[1] ConServe is a trade name. The Defendant's true corporate name is Continental Service Group, Inc.

1

1, ¶ 17). Plaintiff's TCPA claim alleges that Defendant called her cellular phone without her prior express consent and using an automated telephone dialing system. (Dkt. 1, ¶¶ 19-20)

However, as set forth in detail below, Defendant never attempted to contact Plaintiff at the number in question. The record in this case fails to support Plaintiff's claim and clearly establishes: (1) Defendant did not call Plaintiff on any occasion, much less multiple times in a day; and (2) Defendant did not use an automatic telephone dialing system to contact the Plaintiff. Despite multiple requests for sufficient proof that Plaintiff was ever contacted by Defendant, Plaintiff has failed to present any proof in admissible form showing she was contacted by Defendant on her cellular phone. For these reasons, Summary Judgment dismissing Plaintiff's Complaint is warranted.

## LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material facts and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). At the summary judgment stage, the court does not weigh the evidence and determine the truth of the matter, but instead, determines whether or not a genuine issue of fact exists requiring a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

The moving party bears the burden of establishing there are no genuine issues of material fact. *Celotex Corp. v. Cartrett*, 477 U.S. 317 (1986); *Mathews v. Lancaster Gen. Hosp.*, 87 F.3d 624 (3d. Cir. 1996). In response, a non-moving party must "adduce more than a mere scintilla of evidence in its favor and cannot simply reassert factually unsupported allegations contained in its pleadings." *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389, 395 (E.D. Pa. 2004). Instead, it is required that there must be evidence on which a jury could reasonably find for the non-movant. "Rule 56(c) mandates the entry of summary judgment, after adequate time for

discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

## ARGUMENT

**POINT I:    PLAINTIFF'S FDCPA CLAIM FAILS BECAUSE THERE IS NO EVIDENCE IN THE RECORD INDICATING DEFENDANT CALLED PLAINTIFF**

Plaintiff's Complaint alleges that Defendant violated the FDCPA by calling Plaintiff several times in the same day with its only purpose being to harass Plaintiff. 15 U.S.C. § 1692d(5). FDCPA § 1692d(5) states in pertinent part:

> A debt collector may not engage in any conduct the natural consequent of which is to harass, oppress, or abuse a person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

In the present case, the Declaration of Stephen DiPaola, the Chief Information Officer for Defendant, establishes that: (1) Defendant never attempted to contact Plaintiff on the number she alleges; and (2) Defendant has no record of ever attempting to contact the telephone number identified by Plaintiff. *See* Declaration of Stephen N. DiPaola ("DiPaola Dec."), ¶ 6. In light of the foregoing, Defendant has established its prima facie entitlement to Summary Judgment as a matter of law.

In order for Plaintiff to defeat this motion, she must demonstrate that she did in fact receive multiple telephone calls from Defendant with the intent to harass, oppress, or abuse her in connection with the collection of a debt. Despite multiple requests that Plaintiff provide

3

evidence to support her allegations, Plaintiff has failed to do so. To date, Plaintiff has failed to provide any evidence or documentation to demonstrate that the Defendant dialed the number identified by Plaintiff in her Complaint.

The record herein is devoid of any admissible evidence substantiating the claim that Plaintiff was contacted by Defendant. Given the fact that Plaintiff cannot show Defendant contacted her on at least one occasion, Plaintiff is unable to show that Defendant called her numerous times with the intent to harass, oppress or abuse her in connection with the collection of a debt. Accordingly, the FPDCA claim should be dismissed in its entirety.

**POINT II:   PLAINTIFF'S TCPA CLAIM FAILS BECAUSE THERE IS NO EVIDENCE IN THE RECORD INDICATING DEFENDANT CALLED PLAINTIFF**

As applicable to the case at bar, the TCPA prohibits the placement of telephone calls containing an artificial or prerecorded voice to cellular phones without the prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA defines an automated telephone dialing system as equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator – and to dial such numbers. 47 U.S.C. § 227(a)(1).

Again, the Declaration of Stephen DiPaola establishes that: (1) Defendant never attempted to contact Plaintiff on the number she alleges; (2) Defendant has no record of the Plaintiff or the telephone number provided within its records; and (3) Defendant did not contact Plaintiff using an automated telephone dialing system. *See* DiPaola Dec., ¶ 6. Based on the Declaration of Mr. DiPaola, Defendant has established its prima facie entitlement to Summary Judgment as a matter of law.

In order for Plaintiff's TCPA claim to survive, she must demonstrate that a triable question of fact exists as to whether she was in fact ever contacted by Defendant and whether

4

Defendant used an automated telephone dialing system. In that regard, despite multiple requests to do so, Plaintiff has failed to provide any evidence or documentation to demonstrate that the Defendant dialed the number identified by Plaintiff in her Complaint in any fashion, let alone using an automated telephone dialing system.[2]

In light of the Declaration submitted by Mr. DiPaola and that the record herein is devoid of any admissible evidence substantiating the claim that Plaintiff was contacted by Defendant using an automated telephone dialing system on even one occasion, let alone multiple times a day as claimed by Plaintiff, the TCPA claim should be dismissed in its entirety.

## CONCLUSION

For the foregoing reasons, Defendant Conserve respectfully submits that this Court should dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 56(a).

Dated: November 3, 2016

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

/s Brendan H. Little
Brendan H. Little, Esq.
Attorneys for Defendant
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
blittle@lippes.com

---

[2] On October 17, 2016 in response to ConServe's service of a draft motion pursuant to FED. R. CIV. P. 11, Plaintiff's counsel claimed that the Plaintiff would testify that she received one telephone call in August 2016. However, this conclusion is not proof in admissible form that ConServe contacted the Plaintiff using an automated telephone dialing system ("ATDS"). In addition, even if ConServe did contact the Plaintiff in August 2016 using ATDS, that telephone call is exempt from TCPA liability. *See In re Rules & Regs. Impl. the Tel. Cons. Prot. Act of 1991*, Declaratory Ruling & Order, 30 FCC Rcd. 7961 (2015), ¶ 91; *Gusman v. Comcast Corporation*, 2015 WL 6929438 (S.D. Cal. Oct. 14, 2015) (the FCC's 2015 Declaratory Ruling provided a one-time exemption for a call to a reassigned number).

5