UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIN O'NEAL

    Plaintiff,

vs.

CONSERVE

    Defendant.

Case No.: 16-cv-04545

### DEFENDANT CONSERVE'S BREIF FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

### INTRODUCTION

On August 19, 2016, the Plaintiff filed her Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). (Dkt. 1). The Complaint contends, inter alia, that the Defendant repeatedly called her mobile telephone number seeking to speak with an individual named Kimberly. (Dkt. 1, ¶ 17).

As set forth in detail below, the Defendant has conducted a thorough search of its records to determine whether it ever contacted the telephone number identified by the Plaintiff. Despite the allegations in the Complaint, the Defendant has found no evidence that it ever attempted to dial the telephone number identified by the Plaintiff. Despite the Defendant's request that the Plaintiff provide it with evidence that it dialed the number identified by the Plaintiff on multiple occasions, the Plaintiff has failed to do so.

1

Given that no evidence exists to support the Plaintiff's allegations that the Defendant contacted her on her mobile phone on multiple occasions, the Defendant's motion seeks sanctions against Plaintiff and her counsel as Plaintiff's claims against Defendant are untenable.

## FACTUAL BACKGROUND

The Plaintiff's Complaint alleges that "[b]eginning in May 2016 and continuing thereafter, Defendant placed calls to Plaintiff's cellular telephone, often multiple times per day, in its attempts to contact an unknown third party named Kimberly." (Dkt. 1, ¶ 17). On August 19, 2016,[1] the Defendant's in house counsel, Robert S. Leni, Esq., sent an email to Plaintiff's counsel asking for more information concerning the allegations in the Complaint. *See* Declaration of Robert S. Leni, Esq. ("Leni Dec."), Ex A. When Mr. Leni did not get a response to his email, on August 24, 2016, Mr. Leni sent a second email to Plaintiff's counsel asking for additional information concerning the allegations in the Complaint. Leni Dec., Ex. A. Thereafter, on August 24, 2016, an employee of the law firm representing Plaintiff responded to Mr. Leni and provided the Defendant with the telephone number the Defendant was purportedly calling. Leni Dec., Ex. A. On August 29, 2016, Mr. Leni informed Plaintiff's counsel that the Defendant had no record of dialing the number provided and asked for additional information. Leni Dec., Ex. A. To date, the Plaintiff has failed to provide any evidence or documentation to demonstrate that the Defendant dialed the number identified by Plaintiff's counsel. Leni Dec., ¶ 6.

Defendant ConServe[2] has performed a diligent search concerning the telephone number provided by Plaintiff's counsel on August 24, 2016. As set forth in the Declaration of Stephan N. DiPaola, ConServe's Chief Information Officer, ConServe has no record that it ever contacted the telephone number identified by the Plaintiff. Given that the neither party is in possession of

---

[1] This is also the date the Complaint was filed.
[2] ConServe is a trade name and the Defendant's true corporate name is Continental Service Group, Inc.

evidence to support the Plaintiff's allegations in the Complaint, the Complaint violates FED. R. CIV. P. 11 and should be dismissed.

## ARGUMENT

**POINT I:   DEFENDANT CONSERVE COMPLIED WITH RULE 11'S SAFE HARBOR**

FED. R. CIV. P. 11(c) states in pertinent part:

> (2) *Motion for Sanctions*. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 4, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award the prevailing parties the reasonable expenses, including attorney's fees, incurred for the motion.

FED. R. CIV. P. 11(c)(2).

In the subject case, on September 22, 2016, Defendant ConServe served its draft motion for sanctions pursuant to Rule 11 on counsel for the Plaintiff. Declaration of Brendan H. Little, Esq. ("Little Dec."), Ex. A. Although Plaintiff did respond to the draft motion with a letter, she failed to withdraw her Complaint or in the alternative amend the Complaint to correct the allegations in the Complaint that are not supportable . Little Dec., Ex. B. Accordingly, Defendant ConServe complied with Rule 11(c)(2)'s safe harbor and this motion is ripe for adjudication.

**POINT II:   NO EVIDENCE EXISTS TO SUPPORT THE PLAINTIFF'S ALLEGATION THAT SHE RECEIVED TELEPHONE CALLS FROM CONSERVE**

Rule 11 of the Federal Rule of Civil Procedure states in pertinent part:

> (b) *Representations to the Court*. By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

3

>    (1) it is not being presented for any improper purpose, such to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>    (2) the claims, defenses, and other legal contentions are warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>    (4) the denial of factual contentions are warranted on the evidence, it specifically so identified, are reasonably based on belief or lack of information.

FED. R. CIV. P. 11.

"[A] litigant's obligations with respect to the contents" of pleadings or motions "are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996) (quoting Fed. R. Civ. P. 11(b), (c) advisory committee's note to 1993 amendment).

When considering a Rule 11 motion for sanctions, the court must determine if the attorney's conduct was objectively reasonable under the circumstances. *See Ario v. Underwriting Members of Syndicate 53*, 618 F.3d. 277, 297 (3d Cir. 2010). The Third Circuit defines reasonableness as the objective knowledge or belief at the time of the filing of the challenged paper that the claim is well-grounded in law and fact. *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 289 (3d Cir. 1991); *Schering Corp. v. Vitrine Pharm, Inc.*, 889 F.2d 490. 496 (3d Cir. 1989) (holding that to comply with Rule 11, counsel must conduct a reasonable inquiry into both the facts and law supporting a particular pleading).

In this case, the Plaintiff's Complaint makes the following factual allegations:

- Beginning in May 2016 and continuing thereafter, Defendant placed calls to Plaintiff's cellular telephone, often <u>multiple times per day</u>, in its attempts to contact an unknown third party named Kimberly. (Dkt. 1, ¶ 17).

- Plaintiff informed Defendant they were calling a wrong number, instructed Defendant to stop calling and to put her cell phone number on their do not call list when the calls first commenced in May 2016. (Dkt. 1, ¶ 21).

- Rather, Defendant continued to call Plaintiff's cellular telephone <u>multiple</u> times per day in its attempt to contact the unknown third party. (Dkt. 1, ¶ 24).

- Plaintiff <u>repeatedly</u> told Defendant to stop calling her cellular telephone. (Dkt. 1, ¶ 26).

The above outlined allegations are false and do not have any merit. As set forth in the Declaration of Stephan N. DiPaola, ConServe's Chief Information Officer, ConServe conducted a thorough search of its records to determine whether it ever attempted to contact the telephone number provided by Plaintiff's counsel. DiPaola Dec., ¶ 5. Upon completing that search, ConServe's records revealed that it has never attempted to contact the telephone number at issue. DiPaola Dec., ¶ 5. In addition, despite ConServe's request to Plaintiff's counsel seeking evidence to support the allegations in the Complaint, Plaintiff's counsel has filed to produce same.

In light of the fact that there is no evidence to support the allegations in the Plaintiff's Complaint, there is likewise no foundation to support the Plaintiff's conclusions that ConServe violated the FDCPA and the TCPA. Thus, this Court should determine that Plaintiff's conduct was not objectively reasonable at the time the Complaint was filed in violation of Rule 11 of the Federal Rules of Civil Procedure.

In response to ConServe's draft Rule 11 motion, Plaintiff's counsel contends that the Plaintiff will testify that she received one telephone call from ConServe in August 2016. Little Dec., Ex B. At the outset, the position that the Plaintiff will testify that she received one telephone call from ConServe in August 2016 is of no consequence because (1) there is no

evidence to support that this alleged call was made an automated telephone dialing system ("ATDS") and (2) the Plaintiff's Complaint contends, without factual support, that (a) ConServe made <u>multiple</u> telephone calls to her cellular phone starting in May 2016 (Dkt. 1, ¶ 17); (b) ConServe made <u>multiple</u> telephone calls in one day (Dkt. 1, ¶ 17); and (c) that the Plaintiff spoke to someone at ConServe in May 2016 and told ConServe to stop calling her (Dkt. 1, ¶ 21).

In addition, even if ConServe did the call the Plaintiff in August 2016, which it did not, there is still no valid basis for the allegation that ConServe violated the TCPA. The Federal Communications Commission's ("FCC") Declaratory Ruling in 2015 is clear that a party is entitled to make one telephone call to the wrong telephone number before TCPA liability is triggered. *See In re Rules & Regs. Impl. the Tel. Cons. Prot. Act of 1991*, Declaratory Ruling & Order, 30 FCC Rcd. 7961 (2015), ¶ 91; *Gusman v. Comcast Corporation*, 2015 WL 6929438 (S.D. Cal. Oct. 14, 2015) (the FCC's 2015 Declaratory Ruling provided a one-time exemption for a call to a reassigned number).

In light of the foregoing, even if ConServe dialed the Plaintiff seeking to contact a third-party in August 2016, there is no factual basis to assert the wild allegations in the Complaint or that ConServe violated the TCPA.

WHEREFORE, Defendant ConServe respectfully requests an Order of this Court granting is motion for sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure, and awarding Defendant ConServe its reasonable attorneys' fees and costs incurred in defending the Plaintiff's Complaint through adjudication of this motion together with any other and further relief this Court deems just and necessary.

Dated: November 3, 2016

        Respectfully submitted,

        /s Brendan H. Little
        Brendan H. Little, Esq.
        Lippes Mathias Wexler Friedman LLP
        Attorneys for Defendant
        50 Fountain Plaza, Suite 1700
        Buffalo, NY 14202
        P: 716-853-5100
        F: 716-853-5100
        blittle@lippes.com